IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-141-KS

| | | |
|---|---|---|
| RHONDA LOUISE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 33 & 39], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Rhonda Louise Thompson filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for supplemental security income. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On July 14, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands this matter to the Commissioner for further proceedings.

**STATEMENT OF THE CASE**

Plaintiff applied for disability insurance benefits on April 15, 2011, alleging disability beginning September 13, 2010. (Tr. 21.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 21.) On December 6, 2012, a hearing

1

was held before Administrative Law Judge Edward T. Morriss ("ALJ"), who issued an unfavorable ruling on January 25, 2013. (Tr. 21-29.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

**I.      Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 28.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since April 15, 2011, the date of her application. (Tr. 23.) Next, he determined that Plaintiff had the following severe impairments: venous insufficiency and obesity. (Tr. 23.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had the ability to perform a full range of medium work. (Tr. 17-22.) The ALJ further determined that Plaintiff had no past relevant work but, based upon

3

her age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 28.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on three grounds. Plaintiff first contends that the ALJ failed to evaluate her chronic venous insufficiency under the applicable listing. Second, Plaintiff asserts that the ALJ failed to consider her depression as a severe impairment or as a factor is assessing her functional limitations. Third, Plaintiff argues that the ALJ failed to properly evaluate her non-exertional symptoms, including pain and depression.

In determining whether a listing is met or equaled, an ALJ must consider all evidence in the case record about the claimant's impairments and their effects on the claimant. 20 C.F.R. § 404.1526(c). Where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of a listing," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986). While it may not always be necessary for the ALJ to perform a "step-by-step" analysis of the listing's criteria, the ALJ must evaluate the claimant's symptoms in light of the specified medical criteria and explain his rationale. *Williams v. Astrue*, No. 5:11–CV–409–D, 2012 WL 4321390 (E.D.N.C. Sept. 20, 2012). An ALJ's failure to compare a claimant's symptoms to the relevant listings or to explain, other than in a summary or conclusory fashion, why the claimant's impairments do not meet or equal a listing "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Cook*, 783 F.2d at 1173.

Listing 4.11 is the listing applicable to chronic venous insufficiency. In this case, however, the ALJ failed to evaluate Plaintiff's impairment pursuant to that listing. Instead, he evaluated her deep vein thrombosis pursuant to Listing 4.12, which concerns Peripheral Arterial Disease. The ALJ then considered Plaintiff's obesity in combination with her venous insufficiency and concluded that the combined effects of Plaintiff's impairments are not equal in severity to those set forth in Listings 1.02 or 4.12 because her obesity and venous insufficiency "have not rendered [Plaintiff] incapable of ambulating effectively nor have they produced findings consistent with those required by Listing 4.12." (Tr. 24.) At no point did the ALJ consider Listing 4.11. Because the record contains evidence that symptoms related to Plaintiff's deep vein thrombosis correspond to some or all of the requirements of Listing 4.11, the ALJ erred in his analysis of the listings.

Moreover, even assuming that Plaintiff's impairment does not meet the criteria of Listing 4.11, it was incumbent upon the ALJ to consider the combined effects of *all* of Plaintiff's impairments both in determining whether they equal the criteria set forth in any of the listings and in determining Plaintiff's residual functional capacity. Plaintiff's medical record evidences pain caused by multiple blood clots in her lower extremity, as well as symptoms of major depressive disorder with psychotic features. During a February 2012 psychological assessment, Plaintiff reported having suicidal ideations in December 2011 and January 2012. Plaintiff was determined to have GAF scores of 48 in February 2012 and 60 in May 2012.[1] Although not determinative of

---

[1] The GAF scale is endorsed by the American Psychiatric Association and is used by mental health professionals to rate an individual's level of social, occupational and psychological functioning. Am. Psych.Ass'n, *Diagnostic and Statistical Manual of Mental Disorders*, 32 (4th ed. Text rev. 2000). A score in the range of 41 to 50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." A score in the range of 51 to 60 reflects "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional

5

Case 7:14-cv-00141-KS   Document 46   Filed 08/12/15   Page 5 of 6

disability, GAF scores are an assessment of an individual's social, occupational and psychological capacities and should be considered by the ALJ. *See Rios v. Comm'r of Soc. Sec.*, 444 Fed. App'x 532, 535 (3d Cir. 2011) (concluding that GAF scores are medical evidence that informs the ALJ's judgment); *Martin v. Colvin*, No. 7:13-CV-273-FL, 2015 WL 1346990, at *5 (E.D.N.C. Mar. 24, 2015).

In this case, the ALJ does not appear to have considered Plaintiff's depression at all. His decision does not mention depression, either as a severe or non-severe impairment. Nor does it evaluate whether Plaintiff's depression, when considered in combination with Plaintiff's other impairments, meets or equals a listing or whether Plaintiff's depression impacts her residual functional capacity. Given the evidence of Plaintiff's impairments, the court is unable to say that the ALJ's decision is supported by substantial evidence in the record and was reached upon application of the correct legal standards.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #33] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #39] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 12th day of August 2015.

*[signature: Kimberly A. Swank]*
KIMBERLY A. SWANK
United States Magistrate Judge

---

panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.* at 34.